O

# United States District Court
# Central District of California

| | |
|---|---|
| CLIFFORD MERLO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT L. WILKIE,<br><br>　　　　　　Defendant. | Case No. 2:19-cv-05078-ODW (JCx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION TO STRIKE [10]** |

## I.　　INTRODUCTION

　　Defendant Robert L. Wilkie, Secretary of Veteran Affairs of the United States Department of Veteran Affairs ("VA" or "Defendant"), moves to dismiss the complaint of Plaintiff Dr. Clifford Merlo ("Dr. Merlo") alleging age discrimination over the course of his employment ("Motion"). (Mot. to Dismiss and Strike ("Mot."), ECF No. 10.)　For the reasons that follow, the Court **GRANTS in part** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Dr. Merlo is a board-certified radiation oncologist whom Defendant employed from about December 2011 to on or about May 31, 2015. (Compl. ¶ 4, ECF No. 1.) When he was first hired at age 58, Dr. Merlo served in a fee for service capacity rather than a permanent appointment. (Compl. ¶¶ 7, 10–11.) He worked alongside three other physicians with Dr. Ahmed Sadeghi managing the team. (Compl. ¶¶ 11–12.)

When an older colleague, Dr. Juilliard, left the VA in 2012, Defendant attempted to recruit Dr. Eric Chan, who was younger than 40 at the time, into the full-time position. (Compl. ¶ 13.) After Dr. Chan declined the offer, Dr. Sadeghi informed Dr. Merlo that he could apply for a full-time position. (Compl. ¶ 13.) Dr. Merlo subsequently applied and was selected for a full-time position, but Defendant granted him only a temporary thirteen-month appointment. (Compl. ¶ 14.) Defendant extended Dr. Merlo's temporary appointment several times, and Dr. Merlo alleges that Defendant concealed that he had a temporary—not permanent—appointment until December 2014. (Compl. ¶ 14.) Meanwhile, Defendant hired two other doctors into permanent positions who were under the age of 40. (Compl. ¶¶ 15, 16.)

In November 2014, Dr. Sadeghi told Dr. Merlo "that he was getting older and needed to retire to make room for two UCLA residents." (Compl. ¶ 17.) Dr. Merlo, shocked by the command, approached the Human Resources Department and discovered that he held only a temporary appointment. (Compl. ¶ 18.) Dr. Merlo also reported the statement and the age-based discrimination to the Chief of Staff, Dr. Dean Norman. (Compl. ¶ 19.)

On March 13, 2015, Dr. Merlo emailed Dr. Norman, Dr. Sadeghi, and several other superiors to report Dr. Sadeghi's comment, and again requested a permanent position. (Compl. ¶ 20.) Dr. Merlo alleges that this email served as a complaint of discrimination, which Defendant recognized but failed to investigate. (Compl. ¶ 21.) Instead of investigating the allegations, Defendant terminated Dr. Merlo on May 31, 2015. (Compl. ¶ 22.)

### III. PROCEDURAL BACKGROUND

On April 30, 2015, parties engaged in mediation during which they executed a Memorandum of Understanding ("MOU") which states that Defendant agreed to extend Dr. Merlo's temporary appointment to May 31, 2015. (Decl. of Sophia Eaves ("Eaves Decl.") Ex. A ("MOU"), ECF No. 10-2.) On May 31, 2015, VA terminated Dr. Merlo. (Compl. ¶ 22.) On June 2, 2015, the U.S. Equal Employment Opportunity counselor Mr. Winter sent a letter to Dr. Merlo's formerly-retained counsel summarizing Dr. Merlo's claim as "Termination (Term Appointment)" based on age. (Eaves Decl. Ex. B ("June 2 Letter") 1, ECF No. 10-3.) Mr. Winter also included a Notice of Rights which stated that "[i]f you allege age discrimination, you have the right to file a lawsuit in Federal District Court, without filing a formal EEO Complaint," but that a Notice of Intent to Sue must be filed within 180 calendar days of the discriminatory act. (June 2 Letter 4.) The letter advised that Dr. Merlo must notify the Equal Employment Opportunity Commission thirty days before filing a Notice of Intent to Sue. (June 2 Letter 4.)

On June 25, 2015, Mr. Winter sent a letter to Dr. Merlo regarding Dr. Merlo's claim of age-based "Termination," indicating that Winter was closing the informal counseling and inviting Dr. Merlo to file a formal complaint if he was still dissatisfied. (Eaves Decl. Ex. C ("June 25 Letter"), ECF No. 10-4.) The next day Dr. Merlo filed a formal complaint with the Department of Veteran Affairs ("VA"). (Eaves Decl. Ex. D ("Formal Complaint"), ECF No. 10-5.) On August 11, 2015, the VA accepted his EEO Complaint raising the following claim: "[w]hether Complainant was discriminated against based on age, when on May 30, 2015, he was terminated from his temporary appointment as a Physician." (Eaves Decl. Ex. F ("Acceptance of Formal Complaint") 1, ECF No. 10-7.)

On or about December 17, 2015, Dr. Merlo allegedly requested a hearing before an EEOC Administrative Judge ("ALJ") in the EEOC's Los Angeles office. (Compl. ¶ 6.) However, counsel for Dr. Merlo submits as an exhibit to his declaration

EEOC's acknowledgement of complainant's request for a hearing dated on July 12, 2017—a year a half after the alleged request. (Decl. of G. Samuel Cleaver ("Cleaver Decl.") Ex. 3, ECF No. 11-4.) On August 3, 2017, Dr. Merlo sought to amend his complaint before the ALJ to add claims of retaliation and non-selection for two permanent positions. (Cleaver Decl. Ex. 4 ("Mot. to Am. EEOC Compl."), ECF No. 11-5.) The record does not indicate that the motion was granted.

The record reflects that Dr. Merlo also sought a decision from the Merit Systems Protection Board ("MSPB"). (Cleaver Decl. Ex. 6 ("MSPB Initial Decision"), ECF No. 11-7.) On January 18, 2018, the MSPB issued its initial decision discussing Dr. Merlo's allegations that younger, less-experienced physicians were offered full-time positions whereas he was told to retire. (MSPB Initial Decision 10.) The MSPB concluded that it lacked jurisdiction on the matter because Dr. Merlo failed to make nonfrivolous allegations of whistleblowing activity that led to personnel action. (MSPB Initial Decision 13.) Included in the decision is a notice that the decision would become final on February 22, 2018. (MSPB Initial Decision 13.)

Meanwhile, on or about February 2, 2018, the ALJ allegedly held an initial case conference. (Compl. ¶ 6.) On February 11, 2019, Dr. Merlo withdrew his request for a hearing before an ALJ and requested a Final Agency Decision. (Compl. ¶ 6; Eaves Decl. Ex. G ("Final Agency Decision") 1, ECF No. 10-8.) On April 11, 2019, the VA issued its Final Agency Decision. (Compl. ¶ 6.) The VA determined that Dr. Merlo "failed to prove that he was subjected to disparate treatment based on his age when he was terminated from his temporary appointment as a physician." (Final Agency Decision 6.) The VA advised that Dr. Merlo had the right to appeal to the EEOC within thirty days or to file a civil action in a United States District Court within 90 days if he did not appeal to the EEOC. (Final Agency Decision 7.)

On June 11, 2019, Dr. Merlo filed his Complaint in this action alleging three claims: (1) Violation of the ADEA; (2) Hostile Environment Harassment; and

(3) Retaliation. (*See* Compl. ¶¶ 29–47.) Defendant now moves to dismiss the Complaint and to strike certain of Dr. Merlo's claims for damages. (*See* Mot.)

## IV. REQUEST FOR JUDICIAL NOTICE

Defendant requests the Court take judicial notice of the MOU Dr. Merlo and Dr. Sadeghi signed, pleadings and briefing before the EEOC, letters and a report from EEO counselor Mr. Winter, and the VA's Final Agency Decision. (Def.'s Req. for Judicial Notice ("RJN") 1–2, ECF No. 10-9.) Dr. Merlo objects to the request, asserting that the MOU contains hearsay and the documents related to the EEOC determination do not contain judicially noticeable facts. (Obj. to Def.s' RJN, ECF No. 13.) Dr. Merlo also requests the Court take judicial notice of pleadings and briefing before the EEOC. (Pl.'s RJN, ECF No. 12.)

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *see also Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1080 (N.D. Cal. 2014) (taking judicial notice of an EEOC Intake Questionnaire, letters from the EEOC, and a Right to Sue letter from the Department of Fair Employment and Housing).

The Court may take judicial notice of the MOU, pleadings and briefing before the EEOC, letters and a report from EEO counselor Mr. Winter, and the VA's Final Agency Decision, as these documents are records and reports of administrative bodies. Accordingly, the Court **GRANTS** both requests for judicial notice. The Court **OVERRULES** Dr. Merlo's objections to the extent to Court relies on these documents in the disposition of the Motion.

## V. MOTION TO DISMISS

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### A. Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Dr. Merlo's ADEA claim in part, and harassment and retaliation claims in full, for failure to exhaust his administrative remedies.

(Mot. 6–10.) Dr. Merlo opposes the motion, asserting that he had no duty to administratively exhaust his ADEA claim and that he did in fact exhaust his remedies as to the second and third claims as the claims grew out of allegations made in a prior complaint. (Opp'n to Mot. 1, ECF No. 11.)

*1. Claim 1- ADEA*

"[T]he ADEA 'contains no express requirement that a federal employee complainant seek administrative relief.'" *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (citing *Stevens v. Dep't of Treasury*, 500 U.S. 1, 12 (1991) (Stevens, J., concurring and dissenting); *see also Nguyen v. Nielsen*, 731 F. App'x 687, 688 (9th Cir. 2018) (citing *Bankston* for the proposition that an employee may file suit under the ADEA without pursuing administrative remedies). An employee who wishes to file suit without pursuing administrative remedies must provide the EEOC written notice of intent to sue at least thirty days before filing suit and within one hundred and eighty days of the unlawful conduct. 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a).

An employee with an ADEA claim may pursue administrative remedies either through the agency's EEO procedures or through the Merit Systems Protection Board." *Bullock v. Berrien*, 688 F.3d 613, 617 (9th Cir. 2012) (citing *Bankston*, 345 F.3d at 770). However, the Ninth Circuit has held that an employee with an ADEA claim who choses at first to pursue administrative remedies but later withdraws the request and opts to file suit in district court will not be required to exhaust the administrative remedy. *Bankston*, 345 F.3d at 772 (specifically denying the argument that the employee needs to wait for final agency action); *accord Bullock*, 688 F.3d at 617 (finding that a party need not file an appeal of a final decision by the ALJ to exhaust administrative remedies).

Here, Dr. Merlo sought to adjudicate his claims through administrative proceedings. The VA rendered a final determination on the issue of "[w]hether complainant was subjected to disparate treatment discrimination based on his age when on May 30, 2015, he was terminated from his temporary appointment as a

1 Physician." (Final Agency Decision 2.) Per the Final Agency Decision, Dr. Merlo
2 could sue in District Court within 90 days or pursue an administrative appeal. (Final
3 Agency Decision 7.) Dr. Merlo filed suit on June 6, 2019, within the 90-day period.
4 (*See* Compl.) Accordingly, the Court finds that Dr. Merlo adequately exhausted his
5 administrative remedies and may bring an age discrimination claim regarding his
6 termination on May 30, 2019.

Following administrative proceedings, a plaintiff may ordinarily bring only the specific claims presented to the EEOC. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). "However, the district court has jurisdiction over any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Id*. To determine whether a plaintiff has satisfied the exhaustion requirement, the court should construe the language of the EEOC charge "with the utmost liberality." *Kaplan v. Int'l All. of Theatrical & Stage Emp.s*, 525 F.2d 1354, 1359 (9th Cir. 1975), *abrogated on other grounds*.

While the issues addressed in Dr. Merlo's administrative complaints and the VA's Final Agency Decision concerned a very narrow factual scenario, here Dr. Merlo alleges age discrimination for "multiple adverse actions." (Compl. ¶ 32.) Dr. Merlo alleges that "Defendant refused to place [him] in a permanent position, harassed [him], ignored [him] when he complained of age discrimination, refused to extend [his] temporary appointment, terminated [him] on or about May 31, 2015, and refused to hire [him] when he subsequently applied for positions." (Compl. ¶ 32.) These additional allegations discuss age related actions arising in the same role under the same manager as the allegation before the EEOC. Thus, the additional allegations are within the scope and certainly could be expected to grow out of his prior complaint. Construing Dr. Merlo's EEO complaint with the utmost liberality, the Court finds that Dr. Merlo's additional allegations regarding age discrimination are

"like or reasonably related to" the allegations raised before the EEOC. Accordingly, the Court **DENIES** the motion to dismiss on this basis.

   *2.   Claims 2 and 3 - Hostile Work Environment and Retaliation*

Defendant moves to dismiss Dr. Merlo's claims for hostile work environment and retaliation on the basis that Dr. Merlo failed to exhaust his administrative remedies. (Mot. 12–15.) Dr. Merlo contends that he did in fact exhaust his remedies as to the second and third claims because the claims grew out of allegations made in a prior complaint to the EEOC. (Opp'n 7–10.)

As discussed below, Dr. Merlo fails to allege the facts giving rise to his retaliation and hostile work environment claims with adequate specificity. Thus, the Court cannot determine whether the allegations giving rise to the age-based discrimination are "like or reasonably related to" the allegations raised before the EEOC. Accordingly, the Court does not determine whether Dr. Merlo has exhausted his remedies.

**B.   Failure to State a Claim**

Defendant also moves to dismiss all of Dr. Merlo's claims for failure to state a claim. (Mot. 10–15.) The Court now addresses the sufficiency of the allegations.

   *1.   Age-based Discrimination*

To establish a prima facie case, Dr. Merlo has the burden of production to show that he was: "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008). "An inference of discrimination can be established by showing the employer had a continuing need for the employees' skills and services in that their various duties were still being performed . . . or by showing that others not in their protected class were treated more favorably." *Id.* at 1207–08 (alteration in original) (internal quotation marks omitted).

Defendant moves to dismiss Dr. Merlo's age discrimination claim, arguing that Dr. Merlo failed to sufficiently allege the third and fourth elements. (Mot. 10–12.) First, Defendant asserts that non-renewal of a temporary position is not an adverse employment decision. (Mot. 11.) Not so. Non-renewal of an employment arrangement can be an adverse employment action. *See Rutherford v. Palo Verde Health Care Dist.*, No. ED-CV-13-01247-JAK-OPx, 2015 WL 12864244, at *21, n.12 (C.D. Cal. Mar. 13, 2015) (citing cases). Further, Dr. Merlo alleges that he was denied future positions that he applied for because of his age. (Compl. ¶ 32.)

Second, Defendant asserts that Dr. Merlo failed to allege that he was replaced by a younger employee. (Mot. 11–12.) Defendant misstates the law. Dr. Merlo can meet the fourth prong by alleging facts from which an inference of discrimination could be drawn. *Diaz*, 521 F.3d at 1207. Here, Dr. Merlo alleges that his manager stated that "he was getting older and needed to retire to make room for two UCLA residents"; Defendant allowed him to apply for a permanent position only after other younger physicians turned it down; and hired two physicians under 40 while merely extending Dr. Merlo's temporary appointment. (Compl. ¶¶ 13–17.) Taking these allegations as true, Dr. Merlo plausibly alleges a claim for age-based discrimination. Accordingly, the Court **DENIES** the motion to dismiss on this basis.

*2. Hostile Work Environment*

To establish a hostile work environment claim, an employee must prove: "(1) that he was subjected to verbal or physical conduct of a harassing nature, (2) that this conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1110 (9th Cir. 2000). To determine whether conduct was sufficiently severe or pervasive, a court must consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

Defendant argues that Dr. Merlo asserts conclusory allegations and fails to allege conduct severe or pervasive enough to give rise to a hostile work environment claim. (Mot. 13.) The Court concurs. Here, Dr. Merlo alleges that on one occasion his supervisor stated that "he was getting older and needed to retire to make room for two UCLA residents." (Compl. ¶ 17.) Apart from this comment, Dr. Merlo summarily states that he was "subject to slurs, insults, jokes, and/or other verbal comments or intimidation." (Compl. ¶ 38.) As Dr. Merlo alleges neither the frequency of the comments nor content from which the Court can ascertain the severity, the Court finds that Dr. Merlo fails to sufficiently allege this claim. *See Knox v. Donahoe*, No. C-11-2596 EMC, 2012 WL 949030, at *8 (N.D. Cal. Mar. 20, 2012) (finding three incidents alleged not sufficiently severe or pervasive to give rise to a hostile work environment claim), *aff'd*, 540 F. App'x 811 (9th Cir. 2013).

Accordingly, the Court **DISMISSES** Dr. Merlo's hostile work environment claim **with leave to amend**.

   *3.   Retaliation*

To establish a prima facie case of retaliation, plaintiffs must show (1) they engaged in protected activity; (2) they suffered a materially adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Kortan*, 217 F.3d at 1112. Defendant argues that Dr. Merlo's conclusory allegations of protected activity and a causal link are insufficient to state a retaliation claim.[2] (Mot. 14.)

Making informal complaints to a supervisor for their alleged violation is a protected activity. *Ray v. Henderson*, 217 F.3d 1234, 1240 n. 3 (9th Cir.2000). As is pursuing one's rights under Title VII. *See Hashimoto v. Dalton*, 118 F.3d 671, 679–

---

[2] Defendant also asserts that Dr. Merlo fails to allege any adverse action. (Mot. 14.) The Court previously determined that non-renewal of a temporary position suffices as an adverse action and does not readdress the same argument.

80 (9th Cir. 1997) (determining that meeting with an EEO counselor to discuss sex and race discrimination constitutes protected activity). Here, Dr. Merlo alleges that his protected activities included complaints to his supervisor Dr. Sadeghi in person, via email, and during the VA's investigation of his claims, as well as complaints to the Chief of Staff, Dr. Norman. (Compl. ¶¶ 18–20, 43.) He therefore sufficiently alleges that he engaged in protected activity.

Dr. Merlo must also allege a causal link between his complaints to Dr. Sadeghi and Dr. Norman and Defendant's decision to not renew his temporary appointment or subsequently hire him, the alleged adverse employment action. He must plead with sufficiency that, "but for" his complaints, his appointment would have been renewed. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (establishing that the plaintiff has the burden to prove "but for" causation for ADEA claims). Here, Dr. Merlo alleges that he was subjected to adverse employment actions such as "refusing to extend [his] temporary appointment" because he complained of age discrimination. (Compl. ¶¶ 44–45.) The Court finds the single allegation conclusory as Dr. Merlo fails to explain why age discrimination was the "but for" cause. Therefore, he fails to adequately plead the third factor. Accordingly, the Court **DISMISSES** the retaliation claim **with leave to amend.**

## VI. MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision on whether to grant a motion to strike is made at the Court's discretion. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantastic, Inc.*, 510 U.S. 517 (1994). In using its discretion, the court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527). Courts may also grant such a motion to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *See Fantasy*, 984 F.2d at 1528. Yet, motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because such motions are often used as a delay tactic. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

First, Defendants move to strike the compensatory, liquidated, and "emotional distress" damages because the ADEA does not provide for such damages. (Mot. 15.) However, the Ninth Circuit has held that parties seeking to omit allegations of damages precluded as a matter of law should file a Rule 12(b)(6) or a Rule 56 motion not a Rule 12(f) motion. *Whittlestone, Inc.*, 618 F.3d at 974. The *Whittlestone* court held that allegations of damages precluded as a matter of law were not "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Accordingly, the Court **DENIES** the motion to strike the allegations of damages.

Second, Defendants move to strike Dr. Merlo's request for jury trial as the ADEA does not provide for a jury trial. (Mot. 15–16.) However, claims under Title VII may be adjudicated by jury trial. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1068 (9th Cir. 2005) ("An employee may now recover "compensatory and punitive damages" for certain Title VII violations, 42 U.S.C. § 1981a(a)(2), and he is entitled to have a jury determine the amount of such awards, id. § 1981a(c)(1)."). As the Court addressed above, Dr. Merlo may sufficiently plead allegations under the ADEA and Title VII. As such, striking the request for a jury trial is improper. *See Stambanis v. TBWA Worldwide, Inc.*, No. 2:19-CV-03962-ODW (JEMx), 2019 WL 3997257, at *9 (C.D. Cal. Aug. 23, 2019). Accordingly, the Court **DENIES** the motion to strike the request for a jury trial.

## VII. CONCLUSION

For the foregoing reasons, the Court **DISMISSES with leave to amend** Dr. Merlo's hostile work environment and retaliation claims, **DENIES** the motion dismiss Dr. Merlo's discrimination claim, and **DENIES** the motion to strike in its entirety. Dr. Merlo shall have 14 days from the date of this order to amend his complaint. Should he fail to do so, dismissal of his hostile work environment and retaliation claims will convert to dismissal with prejudice.

**IT IS SO ORDERED.**

February 13, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**