**O**

# United States District Court
# Central District of California

| | |
|---|---|
| CLIFFORD MERLO,<br>Plaintiff,<br>v.<br>ROBERT L. WILKIE,<br>Defendant. | Case No. 2:19-cv-05078-ODW (JCx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S: MOTION TO DISMISS [18] AND MOTION FOR RECONSIDERATION [20]** |

## I. INTRODUCTION

Defendant Robert L. Wilkie, Secretary of Veteran Affairs of the United States Department of Veteran Affairs ("VA" or "Defendant"), moves to partially dismiss Plaintiff Dr. Clifford Merlo's ("Dr. Merlo") First Amended Complaint ("FAC") alleging claims for age discrimination and retaliation. (Mot. Dismiss ("MTD"), ECF No. 18.) Defendant also asks the Court to reconsider certain aspects of its Order dated February 13, 2020, which granted in part Defendant's first motion to dismiss and denied Defendant's motion to strike ("February Order"). (Mot. Recons. ("MFR"), ECF No. 20.) For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendant's motions.[1]

[1] After carefully considering the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND

Dr. Merlo is a board-certified radiation oncologist whom Defendant employed from December 2011 to May 31, 2015.  (FAC ¶¶ 4, 7, ECF No. 17.)  Dr. Merlo was age fifty-eight when first hired, serving in a fee-for-service capacity rather than a temporary or permanent appointment.  (FAC ¶¶ 7, 10.)  Dr. Ahmed Sadeghi was Dr. Merlo's immediate supervisor.  (FAC ¶ 12.)

In July 2012, Dr. Merlo applied and was selected for a full-time permanent position.  (FAC ¶ 14.)  However, Defendant secretly changed Dr. Merlo's permanent appointment to a temporary appointment and hid the temporary status from him. (FAC ¶¶ 14, 18.)  In 2013 and 2014, Defendant hired two other doctors who were less than forty years old, one of them into a permanent position.  (FAC ¶¶ 15–16.)

In November 2014, Dr. Sadeghi told Dr. Merlo "that he was getting older and needed to retire to make room for two UCLA residents" who were then doing their residency at the VA.  (FAC ¶ 17.)  Dr. Merlo was shocked by Dr. Sadeghi's comment and approached the Human Resources ("HR") Department, where he discovered that he held a temporary appointment.  (FAC ¶ 18.)  In February 2015, Dr. Merlo reported Dr. Sadeghi's comment to the Chief of Staff, Dr. Dean Norman, and complained that Dr. Sadeghi was discriminating against him because of his age; Dr. Norman took no action.  (FAC ¶ 19.)

On March 13, 2015, Dr. Merlo emailed Dr. Norman, Dr. Sadeghi, and other higher-level supervisors to report Dr. Sadeghi's comment and request a permanent position.  (FAC ¶ 20.)  No one investigated Dr. Merlo's complaint of age discrimination.  (FAC ¶ 21.)  Instead, on March 16, 2015, Dr. Sadeghi informed Dr. Merlo that his employment would terminate as of May 1, 2015.  (FAC ¶¶ 22, 24.)

In early April 2015, Dr. Merlo requested mediation of the VA's decision to terminate his position through the HR Department and the EEO Program Office. (FAC ¶ 23; *see* Decl. Clifford Merlo ("Merlo Decl.") Ex. 1 ("April 15, 2015 Email"), ECF No. 22.)  On April 15, 2015, EEO Specialist Gary P. Sugg confirmed a

workplace mediation was scheduled for April 30.  (April 15, 2015 Email.)  At that mediation, Defendant agreed to extend Dr. Merlo's temporary appointment to May 31, 2015.  (Decl. Sophia Eaves ("Eaves Decl.") Ex. A, ECF No. 18-2; FAC ¶ 25.)  Twice in the months to come, Dr. Merlo applied for permanent positions that became available but was not selected; the VA hired a younger applicant for one position and did not fill the other.  (FAC ¶¶ 30–31.)

On May 29, 2015, Dr. Merlo reported a claim of age discrimination to the Office of Resolution Management, specifically for "Termination (Term Appointment)" based on his age.  (Eaves Decl. Ex. B ("Winter Letter June 2, 2015"), ECF No. 18-3.)  EEO Counselor William Winter was assigned to the claim.  (Winter Letter June 2, 2015.)  At the conclusion of informal counseling, Winter invited Dr. Merlo to file a formal complaint if he was still dissatisfied.  (Eaves Decl. Ex. C, ECF No. 18-4.)

On June 26, 2015, Dr. Merlo filed a formal complaint with the VA.  (FAC ¶ 6; Eaves Decl. Ex. D ("Formal Complaint") 2, ECF No. 18-5.)  In his complaint, Dr. Merlo asserted that he had been discriminated against based on age when he was terminated from his position on May 30, 2015.  (Formal Complaint 2.)  He initially requested a hearing before the EEOC Administrative Judge but ultimately withdrew that request and sought a Final Agency Decision.  (FAC ¶ 6.)  On April 11, 2019, the VA issued its Final Agency Decision finding that Dr. Merlo "failed to prove that he was subjected to disparate treatment based on his age when he was terminated from his temporary appointment as a physician."  (Eaves Decl. Ex. G ("Final Agency Decision") 6, ECF No. 18-8; FAC ¶ 6.)  The VA advised Dr. Merlo that he had the right to appeal to the EEOC within thirty days or to file a civil action in a United States District Court within ninety days if he did not appeal to the EEOC.  (Final Agency Decision 7.)

On June 11, 2019, Dr. Merlo initiated this action, asserting three causes of action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*: (1) Age Discrimination (2) Hostile Environment Harassment, and

(3) Retaliation. (Compl. ¶¶ 29–47, ECF No. 1.) On February 3, 2020, the Court granted in part and denied in part Defendant's motion to dismiss. (Feb. Order, ECF No. 16.) Specifically, the Court denied Defendant' motion to dismiss Dr. Merlo's age discrimination claim because it found that Dr. Merlo's age discrimination allegations were "like or reasonably related to" his EEOC charge and sufficiently pleaded. (Feb. Order 8–9, 10.) The Court dismissed Dr. Merlo's Hostile Environment and Retaliation claims as insufficiently pleaded and granted leave to amend. (Feb. Order 11–12.) The Court also denied Defendant's motion to strike certain of Dr. Merlo's damages and jury request. (Feb. Order 13.)

On February 26, 2020, Dr. Merlo filed the operative FAC. He asserts claims for age discrimination and retaliation but does not renew his claim for hostile environment. (*See* FAC ¶¶ 33–47.) Defendant moves to partially dismiss Dr. Merlo's FAC and seeks reconsideration of certain aspects of the Court's February Order. (*See* MTD; MFR.)

## III. REQUESTS FOR JUDICIAL NOTICE

A court is generally limited to the pleadings in ruling on a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion but may consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *see Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is appropriate for records and 'reports of administrative bodies.'" *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *see also Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1080 (N.D. Cal. 2014) (taking judicial notice of an EEOC Intake Questionnaire, letters from the EEOC, and a Right to Sue letter). Further, a document

may be incorporated by reference where neither party disputes its authenticity and the pleading necessarily relies on the document. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee*, 250 F.3d at 688.

Both parties request judicial notice of documents. (*See* Pl.'s Req. Judicial Notice ("RJN"), ECF No. 24; Def.'s RJN, ECF No. 19.) The Court previously took judicial notice of the documents Defendant submits and need not do so again. (*See* Feb. Order 5.) On that basis, Defendant's RJN is **DENIED** as moot. Dr. Merlo seeks judicial notice of EEO Specialist Sugg's email confirming workplace mediation as well as excerpts from the VA's Report of Investigation. (Pl.'s RJN 2; Merlo Decl. ¶¶ 2–4, Exs. 1–3.) Defendant does not oppose Dr. Merlo's RJN. The documents Dr. Merlo submits are either records and reports of an administrative body or incorporated by reference in Dr. Merlo's FAC. Accordingly, the Court **GRANTS** Dr. Merlo's RJN. However, the Court takes judicial notice only of the existence of these documents, not the truth of any facts asserted in them. *See Lee*, 250 F.3d at 688–89.

## IV.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee*, 250 F.3d at 679.  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## V.   DISCUSSION

Defendant contends Dr. Merlo's age discrimination and retaliation claims are time-barred as to events occurring more than forty-five days before May 29, 2015, the date Defendant asserts Dr. Merlo first sought EEO counseling.  (MTD 1.)  Defendant also contends certain of Dr. Merlo's requested damages and jury demand are legally impermissible and asks the Court to dismiss them or reconsider those aspects of its February Order.  (MTD 1; *see* MFR.)  As the motions overlap substantively, the Court considers them together.

### A.   Timeliness

Federal employees who believe they have been discriminated against based on age have two options.  *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008).  First, an employee may "bypass" administrative procedures by giving the EEOC "notice of the alleged discriminatory act within 180 days, and g[iving] notice of his intent to sue at least thirty days before commencing suit in a federal court."  *Id.* (citing 29 U.S.C. §§ 633a(c), (d)).  Alternatively, he may invoke the EEOC administrative process and appeal any loss to the courts.  *Id.* (citing 29 U.S.C. §§ 633a(b), (c)); *see also Lacayo v. Donahoe*, No. 14-CV-04077-JSC, 2015 WL 993448, at *8 n.3 (N.D. Cal. Mar. 4,

2015) (discussing that the second path under the ADEA "functions just as it does in the context of the Rehabilitation Act and Title VII claims").

If an employee chooses to invoke the EEOC administrative claims process, he must comply with the regulations associated with that process. *Carver v. Holder*, 606 F.3d 690, 695 (9th Cir. 2010); *Lacayo*, 2015 WL 993448, at *8 n.3. This includes the requirement to "consult an EEO counselor within forty-five days of the effective date of the contested personnel action." *Shelley v. Geren*, 666 F.3d 599, 605 (9th Cir. 2012) (citing 29 C.F.R. §§ 1614.103, 1614.105(a)(1)). "[A]bsent waiver, estoppel, or equitable tolling, 'failure to comply with this regulation [is] . . . fatal to a federal employee's discrimination claim' in federal court." *Id.* (quoting *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009)). Thus, the counseling requirement acts "like a statute of limitations" to bar claims based on events occurring more than forty-five days before a plaintiff seeks EEO counseling. *See Pena v. U.S. Postal Serv.*, No. 18-CV-03923-JCS, 2019 WL 634645, at *7 (N.D. Cal. Feb. 14, 2019) (citing *Kraus*, 572 F.3d at 1043); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges . . . each discrete act starts a new clock . . . .")

Dr. Merlo contends the Court has already ruled that he may assert his claims regardless of the forty-five-day EEO Counselor contact requirement. (Opp'n MTD 5, ECF No. 21.) Dr. Merlo is incorrect. In the February Order, the Court found Dr. Merlo's age discrimination claim sufficiently like or reasonably related to his EEO charge such that the Court has jurisdiction over the claim (Feb. Order 7–9); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation."). But whether a claim is timely, including whether a claimant made a timely request for EEO counseling, is distinct from that jurisdictional question. *See Hamm v. Nielsen*, No. CV-18-5702-PSG (JPRx), 2019 WL 3000656, at *6 (C.D. Cal. Mar. 29, 2019)

("In addition to timely initiating EEO counseling, a plaintiff alleging discrimination must exhaust his administrative remedies by presenting his claim to the EEOC."); *Lacayo*, 2015 WL 993448, at *10 ("Once a plaintiff has demonstrated substantial compliance with the presentment requirement, the court then considers whether the plaintiff timely requested counseling within 45 days of any alleged adverse employment action pursuant to 29 C.F.R. § 1615.105(a)(1)."). The Court did not previously reach the question of whether Dr. Merlo's claims are time-barred based on the EEO counseling requirement. (*See generally* Order; Mot. 5–7.)

Defendant moves to dismiss Dr. Merlo's age discrimination claim[2] to the extent it is premised on events occurring more than forty-five days before May 29, 2015. (Mot. 6–7.) Defendant asserts this is the date Dr. Merlo first contacted an EEO counselor. (Mot. 6–7 (citing the EEO Counselor Winter's June 2, 2015, letter, which shows that Dr. Merlo reported his claim to the Office of Resolution Management on May 29, 2015).) From Dr. Merlo's allegations, the date of his first EEO counseling contact is unclear. (*See* FAC.) However, he requested mediation of the VA's decision to terminate his position in April 2015. (FAC ¶ 23.) EEO specialist Sugg confirmed the mediation via email on April 15, 2015, which indicates that EEO specialist Sugg was party to Dr. Merlo's mediation request at least by April 15, 2015. (April 15, 2015 Email.) Construing the allegations in the light most favorable to Dr. Merlo at this pleading stage, this is sufficient to establish that Dr. Merlo satisfied the EEO Counselor contact requirement by April 15, 2015. *See Kraus*, 572 F.3d at 1044 ("[A] complainant may satisfy the criterion of EEO Counselor contact by initiating contact with *any agency official logically connected with the EEO process*, even if that official is not an EEO Counselor, and by exhibiting an intent to begin the EEO process.").

---

[2] Defendant nominally moves to dismiss both Dr. Merlo's age discrimination claim and his retaliation claim on this basis; however, Defendant does not identify any allegations of retaliation that it seeks to dismiss. (*See* Mot. 6–7.) Accordingly, Defendant's motion to dismiss is **DENIED** to the extent it seeks to partially dismiss Dr. Merlo's retaliation claim.

Nevertheless, Dr. Merlo insists this date should be earlier because he gave notice to Defendant in February 2015 when he complained to the Chief of Staff about Dr. Sadeghi's comment. (Opp'n MTD 7–8; FAC ¶ 19.) But complaints to supervisors who are not "logically connected to the EEO process" are insufficient to meet the EEO counselor contact requirement. *Kraus*, 572 F.3d at 1046 n.8 (citing *Johnson v. Henderson*, 314 F.3d 409, 415 (9th Cir. 2002)). Dr. Merlo's contact with EEO specialist Sugg is the first asserted connection to the EEO process. Forty-five days before April 15, 2015, is March 1, 2015. Accordingly, to the extent Dr. Merlo's age discrimination claim is premised on events occurring before March 1, 2015, it is time-barred, absent some form of tolling. *See Lacayo*, 2015 WL 993448, at *10–12 (finding ADEA claims time-barred to the extent premised on events occurring more than forty-five days before EEO counselor contact); *Harris v. Potter*, No. C00-4688 BZ, 2002 WL 31298852, at *2 (N.D. Cal. Oct. 8, 2002) (same).

Accordingly, the Court **DISMISSES** Dr. Merlo's age discrimination claim insofar as it is based on events before March 1, 2015.[3] However, the Court is not convinced that leave to amend would be futile. Dr. Merlo could conceivably allege facts that give rise to a plausible inference that he sought EEO counseling within forty-five days of events before March 1, 2015, or that grounds exist for an equitable exception to the time-bar. As such, the Court grants Dr. Merlo leave to amend.

**B. Damages and Jury Trial**

Defendant also moves to dismiss Dr. Merlo's claims for compensatory, liquidated, and "emotional distress" damages, and his request for a jury trial, as legally impermissible under the ADEA against a federal employer. (MTD 7–9.) Alternatively, Defendant asks the Court to reconsider aspects of its February Order, asserting the Court erred when it denied Defendant's motion to strike these items. (MTD 7 n.3; MFR 2–4.)

---

[3] Dr. Merlo may still use evidence of prior acts as background evidence in support of his timely claims. *Morgan*, 536 U.S. at 113.

Defendant moves for reconsideration under Rule 59(e) and Local Rule 7-18, but neither provides a basis for reconsideration here. Rule 59(e) requires, as a precondition, entry of a final judgment. *See* Fed. R. Civ. P. 59(e) (allowing a motion to alter or amend a judgment). No judgment has issued in this action. Local Rule 7-18 provides for reconsideration on the basis of a material difference in fact or law, the emergence of new facts or law, or a manifest failure to consider material facts. C.D. Cal. L.R. 7-18. Defendant does not suggest any of these grounds apply. (*See* MFR.) Nevertheless, as the February Order is not a final order, the Court has inherent authority to modify it for sufficient cause. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) ("[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."). Therefore, the Court will consider whether either dismissal or reconsideration is appropriate.

As to damages, Defendant correctly states that compensatory, liquidated, and "emotional distress" damages are not available under the ADEA against a federal employer. *See C.I.R. v. Schleier*, 515 U.S. 323, 326 and n.2 (1995) ("[T]he ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress."); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009) ("Compensatory damages for pain and suffering and punitive damages are not available under the ADEA . . . ."); *Lindblom v. Sec'y of Army*, No. 2:06-CV-2280-GEB (GGH), 2007 WL 1378019, at *2 (E.D. Cal. May 10, 2007) (striking compensatory and liquidated damages as unavailable under the ADEA).

Nevertheless, Dr. Merlo argues that the Supreme Court recently "expanded damages available to federal sector plaintiffs" in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020). (Opp'n MTD 12; Opp'n MFR 2, ECF No. 23.) But the question before the Court in *Babb* concerned whether age must be a "but-for cause" of a personnel action to impose liability under the ADEA, not what damages are available to a federal

sector ADEA plaintiff.  *See Babb*, 140 S. Ct. at 1171.  Nothing in *Babb* controverts existing authority that compensatory damages for pain and suffering, liquidated damages, and "emotional distress" damages are unavailable.  The Court will not apply dicta from *Babb* to substantially expand available remedies.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss as to Dr. Merlo's claims for compensatory damages for pain and suffering, liquidated damages, and "emotional distress" damages.

However, the Court does not find error in its denial of Defendant's motion to strike these damages.  The Ninth Circuit has stated that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010).  Thus, the motion for reconsideration is **DENIED** on the issue of damages.

Regarding Dr. Merlo's request for a jury trial, the Supreme Court has held there is no right to a jury trial for ADEA claims against the federal government.  *Lehman v. Nakshian*, 453 U.S. 156, 165 (1981).  The Court previously cited *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1068 (9th Cir. 2005), to conclude that striking the jury demand would be improper, but that case did not address claims arising under the ADEA or against a federal employer.  As Dr. Merlo brings claims under only the ADEA, which affords no right to a jury trial, the Court finds reconsideration as to this issue appropriate.  *See Lehman*, 453 U.S. at 165; *see also Prouty v. Berryhill*, No. CV 18-08567-PA (JPRx), 2019 WL 8164378, at *4 (C.D. Cal. Oct. 28, 2019) (citing *Lehman* and striking demand for a jury trial on ADEA claims against federal government defendant).  Therefore, the Court **GRANTS** reconsideration on this issue and **STRIKES** Dr. Merlo's jury demand.  The Court **DENIES** as moot Defendant's motion to dismiss Dr. Merlo's jury demand.

## VI. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Dr. Merlo's age discrimination claim to the extent it is premised on conduct occurring before March 1, 2015, with leave to amend. The Court **DISMISSES** Dr. Merlo's claims for compensatory damages for pain and suffering, liquidated damages, and "emotional distress" damages. The Court **GRANTS**, **in part**, Defendant's motion for reconsideration, and **STRIKES** Dr. Merlo's request for a jury trial. Defendants motions are **DENIED** in all other respects. (ECF Nos. 18, 20.)

Dr. Merlo may file a Second Amended Complaint within fourteen (14) days of this Order insofar as he can allege facts that give rise to a plausible inference that he sought EEO counseling within forty-five days of events predating March 1, 2015, or that grounds exist for an equitable exception. If Dr. Merlo does not file a timely Second Amended Complaint, Defendant shall file an Answer to Dr. Merlo's First Amended Complaint within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

August 25, 2020

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**